UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRYLENA LARKIN,

    Plaintiff,

v.                                                                          Case No. 1:16-CV-464

EATON COUNTY, et al.,                            HON. GORDON J. QUIST

    Defendants.
_____/

## **RULINGS**

Plaintiff, Chrylena Larkin,[1] sued Defendants, Eaton County, Eaton County Sheriff's Department, Police Deputy Timothy Daust, Police Captain Gregory Crawford, mall security Sergeant Elizabeth Esquivel, and Universal Protection Services, regarding events that transpired at the Lansing Mall.

Larkin agreed to dismiss her claims against the Sheriff's Department.

*Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978), directs that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. at 694, 98 S. Ct. at 2037–38. Larkin failed to cite a policy or custom that could open Eaton County to suit.[2]

---

[1] Larkin is the mother of Jazmin Wray. Wray was a minor at the time of the incident but is now 18 years old. At oral argument, the parties agreed to substitute Wray as the plaintiff.

[2] The Court will not consider an argument that is raised for the first time at oral argument. *See Roberts v. Principi*, 283 F. App'x 325, 332 n.3 (6th Cir. 2008) ("Because counsel raised the issue only at oral argument, however, we decline to review it."); *Lane v. City of LaFollette*, 490 F.3d 410, 420 (6th Cir. 2007) ("Defendants . . . have waived this argument by not including it in their brief.")

The individual police officers, Daust and Crawford, are protected by qualified immunity. The officers could reasonably have concluded that Wray had violated Michigan's criminal trespass statute, M.C.L. § 750.552. "The officer's subjective intentions are irrelevant to the Fourth Amendment inquiry." *Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010) (citations omitted). Moreover, qualified immunity applies to mistakes of law, fact, and mixed questions of law and fact. *Hensley v. Gassman*, 693 F.3d 681, 687 (6th Cir. 2012) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009)).

Because Larkin's § 1983 claims will not survive, she is left with her state law claims and supplemental jurisdiction as her sole jurisdictional foothold. At the commencement of oral argument, Larkin's counsel informed the Court that Larkin would not assert alternate grounds for federal jurisdiction on the remaining state counts, *i.e.*, diversity jurisdiction. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction after it has dismissed all claims over which it has original jurisdiction. Generally, the Sixth Circuit favors dismissing state law claims if a plaintiff's federal claims have been dismissed. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). Accordingly, the Court will exercise its discretion and decline to retain jurisdiction over Larkin's state law claims.

Therefore, the County Defendants' motion for summary judgment will be granted, and judgment in favor of Eaton County, Daust, and Crawford will be entered on Counts I, V, and VII. All state law claims, *i.e.*, Counts II, III, IV, part of V, part of VII, and VIII, [3] will be dismissed without prejudice.

A separate judgment will issue.

Dated: March 22, 2018  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

---

[3] There was no Count VI in Larkin's Complaint.